QUIÑONES ET AL., PLAINTIFFS AND APPELLEES, *v.* BANCO TERRI-
TORIAL Y AGRÍCOLA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an
Action for the Annulment of an Election.

No. 3316.—Decided July 29, 1924.

BANKS—ELECTION OF DIRECTORS—PLEADING—RESIDENCE.—Interpreting a by-law
of the Banco Territorial y Agrícola de Puerto Rico declaring that the presi-
dent and two vice-presidents of the institution "shall actually reside in the
city of San Juan," it was *held:* That the residence of such officers in San
Juan is not necessary as a prerequisite to their election. Therefore, a com-
plaint for the annulment of the election of some of said officers does not
state sufficient facts if it does not allege that the defendant accepted the
office without residing in San Juan, which is the meaning of the word
"actually" used in the said by-law.

The facts are stated in the opinion.

*Mr. J. de Guzmán Benítez* for the appellants.

*Mr. F. Soto Gras* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

In this case judgment was rendered on the pleadings to
the effect that Manuel González y Martínez was not a resi-
dent of the city of San Juan; that for this reason he was
not eligible to the office of First Vice-President of the Banco
Territorial y Agrícola de Puerto Rico; that his election to
that office on July 18, 1923, was null and void, and that he
has no right to hold the said office and should cease to
hold it.

The action was brought by the plaintiffs as stockhold-
ers of the Banco Territorial y Agrícola de Puerto Rico
against the bank and Rafael Fabián and Manuel González y
Martínez. The defendants demurred to the complaint on
the grounds of misjoinder of parties defendant and failure
to state facts sufficient to constitute a cause of action. The
demurrer was overruled and this is the most important
matter assigned as error in the appellant's brief.

In the complaint it is alleged that the General Board of Stockholders of the Banco Territorial y Agrícola de Puerto Rico held a meeting on July 18, 1923, and elected defendant Rafael Fabián as President and defendant Manuel González y Martínez as First Vice-President, which offices they accepted, and that as soon as the result of the vote was known the plaintiffs, as stockholders present by proxy, protested the election and moved for its reconsideration for the reason that neither of the persons elected actually resided in the city of San Juan, inasmuch as Rafael Fabián had his residence in Asturias, Spain, and Manuel González y Martínez had his in Salinas, Porto Rico, and that the chairman of the meeting denied the reconsideration. It was also alleged that the by-laws of the association provide that the president and the two vice-presidents shall actually reside in the city of San Juan, quoting section 88 of the said by-laws as follows:

"Sec. 88.—The council of administration shall consist of fifteen members, including the president and the first and second vice-presidents, who shall actually reside in the city of San Juan, although the other members of the council may be residents of this city or of any other place in the Island."

The by-laws do not say that in order to be elected to any of the said offices actual residence in San Juan is an indispensable prerequisite. This is not expressly prescribed and a liberal construction does not justify that conclusion, which could be reached only by forcing the language of that section of the by-laws. On the contrary, a sound construction of it and one more in harmony with the dictates of common sense prompts us to observe that it was the intention of the legislative body of the bank which framed it to impose the condition of actual residence in San Juan rather for the discharge of the duties of the office and not as a prerequisite for election, for this was the manner of procuring

persons who resided or would come to reside in San Juan and, therefore, could render their services to the bank continuously. And if this is the logical construction of section 88, *supra,* and it is not alleged in the complaint that any defendant has accepted his office without physically residing in San Juan, which is what the word "actually" used in the by-laws means, it is clear that the complaint does not state facts sufficient to constitute a cause of action.

With regard to the misjoinder of parties defendant pleaded by the appellant, we rather agree with the view maintained by the appellees and especially with the well settled general rule stated in Fletcher's Cyclopedia of Private Corporations, vol. 5, p. 5009, as follows:

"With regard to proceedings against officers usurping corporate offices, it is well established that several officers may be named as defendants, as where trustees of a corporation are involved. The contention that such a joinder of parties is improper is based on the theory that each officer holds an independent position which must be made the subject of a separate suit. The point arose as long ago as 1776, in a case affecting the officers of a town, and was overruled by Lord Mansfield and his associates. This decision has been followed in cases affecting officers of private corporations."

In view of the conclusion reached that the complaint is not sufficient it is not necessary to consider the other grounds of error discussed by the appellant; therefore, the judgment of the court below should be reversed and substituted by another dismissing the complaint without costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.